### Ex Parte FLORES.

(District Court, D. Arizona. April 2, 1921.)

No. C–1465.

Citizens ⊙⟹7—Marriage does not confer citizenship on alien prostitute.

> An alien prostitute, excluded from entry into the United States by Immigration Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), by express provision of section 19 of the act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), does not, by her marriage to an American citizen after her illegal entry, become a citizen or change her status as an alien, subject to deportation under said section.

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Habeas Corpus. Petition by Guadalupe Flores for writ to secure discharge from custody. Petition denied.

John L. Van Buskirk, of Tucson, Ariz., for petitioner.
Thomas A. Flynn, U. S. Atty., of Phœnix, Ariz., and John H. Langston, of Phœnix, Ariz., John H. Martin, of Tucson, Ariz., and Joseph Holub, of Phœnix, Ariz., Asst. U. S. Attys., for respondent.

DOOLING, District Judge.  The petitioner, having been indicted in this court for having returned to the United States after having been deported to Mexico as an alien prostitute, and being in jail upon such indictment, applies for a writ of habeas corpus to be discharged from such imprisonment, for the reason, as stated in her petition, that she is an American citizen by virtue of her marriage to one Columbus Smith, a negro soldier born in Virginia.  The petition avers that her marriage long antedated any offense committed by her, and that therefore her deportation was unlawful, and that, such being the case, she was entitled as such American citizen to return to the United States. An order to show cause having issued, a hearing was had upon the return to such order.  It appeared on this hearing, and indeed from the testimony of the petitioner herself, that she came to this country from Mexico when she was 14 years old; that she is now of the age of 20 years; that she lived for a long time in Nogales, Ariz., but that before her marriage she crossed the line into Nogales, Sonora, a number of times, remaining there for varying periods, and there practicing prostitution.  She was so engaged up to the time that she came back to the United States immediately prior to her marriage with Smith.  Having been a prostitute in Mexico at the time of her entry into the United States just prior to her marriage, she belonged to one of the excluded classes, was not entitled to admission, and was at that time subject to deportation.  Her marriage to Smith, although he is an American citizen, did not change her status in that respect.  The Immigration Act provides (Act Feb. 5, 1917, sec. 19, 39 Stat. 889 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]):

"The marriage to an American citizen of a female of the sexually immoral classes the exclusion or deportation of which is prescribed by this act shall not invest such female with United States citizenship if the marriage of such alien female shall be solemnized after her arrest or after the commission of acts which make her liable to deportation under this act."

That is the situation here.  Her marriage was solemnized after the commission of acts which made her liable to deportation; that is to say, the acts of prostitution in Mexico immediately prior to her last entry into the United States before her marriage.  Such entry was unlawful.  As a prostitute she was then a member of the excluded classes, liable to immediate deportation.  Because of the cited provision of the Immigration Act, her marriage did not render her immune from such deportation, and when she was deported after pleading guilty in this court to practicing prostitution within the prescribed time, she was lawfully deported, and her return to this country subjected her to the indictment under which she is now restrained.

Such restraint being therefore legal, her petition for a writ of habeas corpus is denied.