## Ex parte BIGNEY.

(District Court, D. Oregon. January 2, 1923.)

No. L–9058.

1. **Citizens** ⊜⇒7—**Marriage of alien woman after offense does not confer citizenship.**

The provision of Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), that the marriage to an American citizen of a female of the sexually immoral class, subject to exclusion or deportation, shall not invest her with citizenship if it was solemnized after her arrest, or after the commission of acts which make her liable to deportation, plainly provides that the marriage of an alien prostitute to a

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

citizen after committing the offense prevents her from becoming a citizen and exempt from deportation.

**2. Aliens ⊜53—Facts held not to show alien woman had reformed.**

Even if the reformation of an alien prostitute were a sufficient defense to proceedings for her deportation, proof that she had quitted the rooming house business six months before her marriage, but that in the interval she was living with a man to whom she was not married, does not satisfactorily show her reformation.

Habeas Corpus. Petition by Bessie Bigney for writ praying for her release from custody. Denied.

Flegel, Reynolds, Flegel & Smith, of Portland, Or., for petitioner. Lester W. Humphreys, U. S. Atty., of Portland, Or., opposed.

WOLVERTON, District Judge. Petitioner stands committed for deportation. She has petitioned for writ of habeas corpus, praying her release from custody.

From the return of the immigration inspector in charge it appears that petitioner came to this country from Poland in 1902 or 1903. She drifted westward from New York to Portland, where she has been known as an alien prostitute from 1912 to 1919, going under an alias as Bessie Stein. The police records show that she was arrested ten times during the period from July 10, 1916, to July 8, 1921, on vagrancy charges, and for soliciting prostitution. She admits, under oath, having practiced prostitution during much of the time she has been in Portland, and having disposed of much of her earnings to men to whom she was not married, and for their support. She claims, however, to have quit the rooming house business, which is the equivalent of the sporting business, in July, 1921; but it has been shown that she was living with one Harry Fisher, to whom she was not married, in immoral relations from June, 1921, to October 27, 1921. On February 20, 1922, she was married to one H. Bigney, a naturalized citizen, and has since continued to be, and is now, his lawful wife.

While not contesting the legality of her hearing before the United States commissioner for deportation, petitioner contends that she is entitled to her release on two grounds, namely: First, that her marriage to Bigney renders her a citizen of the United States; and, second, that, though she has practiced prostitution in this country, she has reformed, and is not now of the sexually immoral class subject to deportation.

[1] Section 19 of the Act of February 5, 1917 (Fed. Stat. Ann. 1918 Supp. 212, 230 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]), to regulate the immigration of aliens, renders any alien "who shall be found an inmate of or connected with the management of a house of prostitution or practicing prostitution after such alien shall have entered the United States" subject to deportation. In this relation, it is further provided:

"That the marriage to an American citizen of a female of the sexually immoral classes the exclusion or deportation of which is prescribed by this act shall not invest such female with United States citizenship if the marriage

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of such alien female shall be solemnized after her arrest or after the commission of acts which make her liable to deportation under this act."

The simple rendition of the clause is that marriage to an American citizen of a female of the sexually immoral class shall not invest such female with citizenship, if the marriage shall have been solemnized after arrest or the commission of acts which make her liable for deportation. Further comment could not make the interpretation more obvious. The petitioner, therefore, having practiced prostitution in this country after her entry therein and before her marriage to Bigney, did not become a citizen of the United States by reason of such marriage. Ex parte Flores (D. C.) 272 Fed. 783.

[2] As it relates to petitioner's claim of having reformed, the act in question does not seem to recognize any such defense; but, if it had, she has not satisfactorily shown that she has so reformed.

Habeas corpus will be denied.